**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-02064-BNB

TERRY L. NICHOLS, and
MARK J. ALLEN,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
HARVEY LAPPIN,
JOHN/JANE DOE,
MICHAEL NALLEY,
MS. PERRY,
RON WILEY,
ROD BAUER,
DR. LEYBA, M.D.,
DR. STEVEN NAFZIGER, M.D.,
DARRON GALL,
MR. JONES,
KEITH POWLEY,
DR. THOMAS WEBSTER, M.D.,
DR. DORRIS WILLIAMS, M.D.,
JOHN DOE I,
DR. NEWTON KENDING, M.D.,
JOHN DOE II,
DR. MICHAEL NELSON, M.D.,
DONALD DENNEY,
D. SCHIEFELBEIN,
N. GLADBACH, and
B. DALGLIESH,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 24 2008

GREGORY C. LANGHAM
            CLERK

---

**ORDER DIRECTING PLAINTIFFS TO FILE
AN AMENDED COMPLAINT ON A COURT-APPROVED FORM**

---

The issues before the Court are Plaintiffs' Motion to Amend Original Complaint

and their Ex Parte Motion Requesting Court to Attach Plaintiffs' Motion to Amend

Original Complaint and to Serve on Defendants that were filed on September 29, 2008. In the Motion to Amend, Plaintiffs have listed ten items they seek either to edit in or to add to the original Complaint.

Prior to a responsive pleading being served, a plaintiff may amend a complaint once as a matter of course pursuant to Fed. R. Civ. P. Rule 15(a). If Plaintiffs desire to amend their Complaint they may do so. Plaintiffs are reminded, however, that an amended complaint supersedes the original complaint. *See Balance v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Figwort*, 705 F.2d 676 (2d Cir.1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1476 (1990).

Therefore, Plaintiffs must submit the Amended Complaint on a Court-approved form and include all claims, named parties, and requests for relief. Plaintiffs are able to include in the Amended Complaint all of the ten items listed in the Motion to Amend. Plaintiffs further are instructed to submit only one caption page and one Section "A. Parties" in which they list all named Defendants.

The Court also has reviewed the original Complaint filed by Plaintiffs and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Plaintiffs fail to set forth a short and plain statement of their claims showing that they are entitled to relief. Plaintiffs have presented their claims in a narrative chronological format, along with unnecessary commentaries, rather than asserting the claims in a short and concise statement.

Therefore, Plaintiffs will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Plaintiffs are reminded that it is their responsibility to present their claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Plaintiffs further are instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

3

the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, Plaintiffs' request that service be effected is premature. Service will not be effected until after an initial review has been completed by the Court, and the Court determines that Plaintiffs' claims possess merit. Accordingly, it is

ORDERED that Plaintiffs file an Amended Complaint as instructed above, **within thirty days from the date of this Order.** It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiffs, together with a copy of this Order, two copies of the Court-approved form used in filing prisoner complaints. It is

FURTHER ORDERED that if Plaintiffs fail to properly amend the Complaint, **within thirty days from the date of this Order,** the Court will proceed with a review of the merits of the original Complaint that Plaintiffs submitted to the Court on September 11, 2008. It is

FURTHER ORDERED that all pending motions are denied either as moot or premature.

DATED October 24, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02064-BNB

Terry L. Nichols
Reg. No. 08157-031
ADX - Florence
PO Box 8500
Florence, CO 81226

Mark J. Allen
Reg. No. 94789-071
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 10/24/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk