IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02064-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2008

GREGORY C. LANGHAM
                    CLERK

TERRY L. NICHOLS, and
MARK J. ALLEN,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
HARVEY LAPPIN,
JOHN/JANE DOE,
MICHAEL NALLEY,
MS. PERRY,
RON WILEY,
ROD BAUER,
DR. LEYBA, M.D.,
DR. STEVEN NAFZIGER, M.D.,
DARRON GALL,
MR. JONES,
KEITH POWLEY,
DR. THOMAS WEBSTER, M.D.,
DR. DORRIS WILLIAMS, M.D.,
JOHN DOE I,
DR. NEWTON KENDING, M.D.,
JOHN DOE II,
DR. MICHAEL NELSON, M.D.,
DONALD DENNEY,
D. SCHIEFELBEIN,
N. GLADBACH, and
B. DALGLIESH,

    Defendants.

ORDER OF DISMISSAL

Plaintiffs Terry L. Nichols and Mark J. Allen are prisoners in the custody of the United States Bureau of Prisons, who currently are incarcerated at USP Florence. Plaintiffs initiated this action by filing a *pro se* Prisoner Complaint. On October 24, 2008, Magistrate Judge Boyd N. Boland ordered Plaintiffs to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 14, 2008, Plaintiffs filed an Amended Complaint and an Exhibit that includes supplemental supporting facts. The Amended Complaint and Exhibit together are just under 100 pages long.

The Court must construe the Amended Complaint and Exhibit liberally because Plaintiffs are *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nonetheless, even though the Court must construe Plaintiffs' pleadings liberally, they must follow the rules of federal civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert denied*, 513 U.S. 1090 (1995). For the reasons stated below the Complaint and action will be dismissed.

The Court has reviewed the Amended Complaint and the Exhibit filed in this action and finds that Plaintiffs again have failed to comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The Amended Complaint is no different than the original Complaint. The Amended Complaint is only at the most eight pages shorter than the original Complaint. As opposed to asserting the five identified claims in a simple, concise, and direct manner, Plaintiffs again have set forth a narrative of events or general statements about defendants' actions. Plaintiffs also have inserted notations in each of the claims to see the Exhibit, which contains over twenty pages of additional supporting facts. As a result, the Amended Complaint is excessively long and still does not state Plaintiffs' claims simply and concisely.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden Plaintiffs place on Defendants and the Court to identify, interpret, and respond to their claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Complaint, Amended Complaint, and action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 12 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02064-BNB

Terry L. Nichols
Reg No. 08157-031
ADX - Florence
P.O. Box 8500
Florence, CO 81226

Mark Allen
Reg No. 94789-071
ADX - Florence
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk