IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02064-BNB

TERRY L. NICHOLS, and
MARK J. ALLEN,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
HARVEY LAPPIN,
JOHN/JANE DOE,
MICHAEL NALLEY,
MS. PERRY,
RON WILEY,
ROD BAUER,
DR. LEYBA, M.D.,
DR. STEVEN NAFZIGER, M.D.,
DARRON GALL,
MR. JONES,
KEITH POWLEY,
DR. THOMAS WEBSTER, M.D.,
DR. DORRIS WILLIAMS, M.D.,
JOHN DOE I,
DR. NEWTON KENDING, M.D.,
JOHN DOE II,
DR. MICHAEL NELSON, M.D.,
DONALD DENNEY,
D. SCHIEFELBEIN,
N. GLADBACH, and
B. DALGLIESH,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

On December 24, 2008, Plaintiffs Terry L. Nichols and Mark J. Allen filed a *pro se* pleading titled "Plaintiff's Motion to Alter or Amend Judgment-Brief in Support-and

Notice of Filing Declarations." In the Motion, Plaintiffs ask the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on December 15, 2008. The Court must construe the Motion liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on December 15, 2008. Plaintiffs filed the Motion within ten days after the Judgment was entered. Therefore, the Court will consider the Motion as a Motion to Reconsider filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

In the December 15, 2008, Order of Dismissal, the Court found that Plaintiffs failed to comply with the Court's October 24, 2008, directing them to submit an Amended Complaint that is simple, concise, and direct and is in keeping with Fed. R. Civ. P. 8. Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Plaintiffs fail to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs do not allege the existence of any new law or evidence, and they fail to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the Complaint and the action properly were dismissed because of Plaintiffs' failure to file an Amended Complaint that complies with Fed. R. Civ. P. 8.

The Court also notes that although Plaintiffs argue that the dismissal of the action was a harsh penalty, their argument is without basis because the dismissal was without prejudice. Plaintiffs may file a new action and submit a Complaint that complies with Fed. R. Civ. P. 8 if they so desire. Accordingly, it is

ORDERED that "Plaintiff's Motion to Alter or Amend Judgment . . . ," filed on December 24, 2008, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 21 day of Jan, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02064-BNB

Terry L. Nichols
Reg. No. 08157-031
ADX - Florence
PO Box 8500
Florence, CO 81226

Mark J. Allen
Reg. No. 94789-071
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/21/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk